## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel*, DANNY J. HIRE, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  3:08-0880 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| GERALD F. NICELY and | ) | |
| PHIL RYAN, | ) | |

## O R D E R

Before the Court is the United States's notice of declination and motions to dismiss and to

unseal the record in this action (Docket Entry No. 6) to which the Relator, proceeding pro se,

objects.  (Docket Entry No. 7).

Pursuant to 31 U.S.C. § 3730(b)(4)(B), with the United States's decision not to intervene

in this action, the motion to unseal is **GRANTED**.  31 U.S.C. § 3730(b)(2).  See also United

States v. CACI International, Inc., 885 F.Supp. 80, 83 (S.D.N.Y. 1995).

The United States also moves to dismiss this action, contending, in sum: (1) that the

Relator is proceeding pro se and pro se actions are not permitted under the False Claims Act

("FCA"); (2) that the Relator's complaint is based on a "public disclosure" namely, public

records and thus, the Relator cannot be an "original source" of the information in the complaint

under 31 U.S.C. § 3730(e)(4)(A)-(B); and (3) that the Relator failed to effect service on the

United States within 120 days after he filed the complaint, as required by Federal Rule of Civil

Procedure 4(m).

Several courts hold that pro se qui tam actions cannot be maintained, "[b]ecause relators

lack a personal interest in False Claims Act qui tam actions, we conclude that they are not

entitled to proceed pre se." United States, et rel, Mergent Servs. v. Flanherty, 540 F.3d 89, 93

(2d Cir. 2008).  See also United States ex rel. Fisher v. Network Software Assoc., 377 F.Supp.2d 195, 196 (D.D.C. 2005) ("the plaintiff may not maintain this suit as a qui tam relator without the assistance of counsel"); United States ex rel. Rockerfeller v. Westinghouse Elec. Co., 274 F.Supp.2d 10, 16 (D.D.C. 2003) ("Considering what is at stake for the United States when a relator brings a qui tam action, representation by a lay person is inadequate to protect the interest of the United States.").  Thus, as a pro se litigant, the Relator cannot maintain this qui tam action under the FCA.

Moreover, under the FCA, "no court shall have jurisdiction" when the suit is based on publicly disclosed information when the Relator is not an original source of that information. The attachments to Relator's response clearly reflects his reliance on public documents.  Thus, the Court lacks jurisdiction over the Relator's claim.  Rockwell Int'l Corp. v. United States, 549 U.S. 547, 476 (2007) (finding no jurisdiction over qui tam aspect of suit where relator was not the original source of the claim).

Although Plaintiff asserts his lack of knowledge of the 120 days service rule, in light of the other Court's conclusions, this contention is moot.

For these reasons, the United States's motion to dismiss (Docket Entry No. 6) is **GRANTED**.  The United States's motion to unseal and to make this file public (Docket Entry No. 6) is **GRANTED**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the _____13th_____ day of July, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

2